Michael Jay Berger (SBN 100291)
Law Offices of Michael Jay Berger
9454 Wilshire Blvd., 6th Floor
Beverly Hills, CA 90212
Telephone:   (310) 271-6223
Fax:         (310) 271-9805
E-mail:      michael.berger@bankruptcypower.com

Counsel for Debtor-in-Possession
New Holland LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>New Holland LLC,<br><br>                    Debtor.<br>_____ | Chapter 11<br><br>Bankruptcy No.: 2:21-bk-16454-BR<br><br>**DEBTOR'S OPPOSITION TO GRIMM INVESTMENTS, LLC'S MOTION TO DETERMINE CASE IS SINGLE ASSET REAL ESTATE; DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF**<br><br><u>Hearing is Set For</u>:<br>Date:      October 12, 2021<br>Time:      1:00 p.m.<br>Location:  Courtroom 1668<br>           255 E. Temple Street<br>           Los Angeles, CA 90012 |

**TO THE HONORABLE BARRY RUSSELL, JUDGE OF THE UNITED STATES BANKRUPTCY COURT, TO SECURED CREDITOR GRIMM INVESTMENTS, LLC AND ITS COUNSEL OF RECORD, TO THE UNITED STATES TRUSTEES OFFICE, AND TO ALL INTERESTED PARTIES AND THEIR COUNSEL OF RECORD:**

1

DEBTOR'S OPPOSITION TO GRIMM INVESTMENTS, LLC' MOTION TO DETERMINE CASE IS SINGLE ASSET REAL ESTATE

## I.      INTRODUCTION

Secured Creditor, Grimm Investments, LLC ("Creditor" or "Movant") Motion To Determine Case Is Single Asset Real Estate; Declaration of Charles R. Grimm ("Motion") should be denied because Debtor is not a single asset real estate ("SARE") because Debtor's real property assets consist of eight parcels with different APN Numbers and different addressed; Debtor is currently not collecting any income from the properties; Creditor fails to meet the elements required for the case to be considered a SARE; The vacant lots are intended for single family residence construction; Debtor's plan and disclosure statements are due by October 12, 2021; and the Mulholland Property alone is a single-family residence with less than four units;

## II. ARGUMENT

### *Creditor's Motion Should Be Denied Because The Debtor Is Not a Single Asset Real Estate Case As Defined In 11 U.S.C. Section 101(51B).*

11 U.S.C. Section 101(51B) defines the term "single asset real estate" to mean real property constituting a single property or project, **other than residential real property** (emphasis added) with fewer than 4 residential units, **which generates substantially all of the gross income of a debtor** (emphasis added) who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto.

Debtor's schedule A/B list seven vacant lots and a single-family residence located at 13511 Mulholland Drive, Beverly Hills, CA 90210 ("Mulholland Drive Property"). Each vacant lot is identified by different APN number. Some of the vacant lots are located in the city of Sherman Oaks while others are located in the city of Beverly Hills. Each parcel is intended for a separate project. The reason that the Debtor combined the Mulholland Drive Property and the vacant lots together on Schedule A/B is because Creditor has a lien against all the properties,

and it made sense to list them on the same line versus creating eight different line items and linking each parcel to Creditor's secured obligations.

One of the elements required for the case to be considered a single asset real estate case is that the Debtor generate substantially all of the gross income of the Debtor from the property. Creditor's own Motion supports Creditor's inability to meet the income element of the SARE test because the Debtor is not generating any income from any of the properties. Specifically, on page 2 lines 11 – 13, Creditor states that "Debtor lists no income for the past three years. Nothing else in the Statement of Financial Affairs suggests that there is any business activity in the Debtor." Since the Debtor has no income, this element of the SARE test is not met.

Creditor's Motion quotes Section 362(d)(3) which provides that "relief from stay is appropriate unless the Debtor either commences interest payments at the pre-petition non-default interest rate or files a plan that has a reasonable possibility of confirmation. Those acts must be commenced upon the later of 90 days after the petition date, or 30 days after the court determines the case to be a SARE." See Creditor's Opposition, page 2, lines 19-23. The filing of Creditor's Motion was unnecessary. The hearing on Creditor's Motion is set for October 12, 2021, which is the same day the Debtor's plan and disclosure statements are due. Debtor is presently working on its plan and disclosure statement with its counsel and anticipates to have these documents filed on or before October 12, 2021, which is well within the 90-day period from the petition date.

The Mulholland Property is a single family residence consisting of 5 bedrooms and 4 bathrooms. The term "single asset real estate" specifically <u>excludes</u> a residential real property with fewer than 4 residential units, which is exactly what the Mulholland Property is. Furthermore, the "single asset real estate" means real property consisting of a single property or project. As noted above, the Debtor owns 7 separate parcels of land with different APN numbers in different city locations. As such, they cannot be part of a "single project" which is another essential element required for a case to be considered a single asset real estate.

Creditor's Motion fails to satisfy the single project element and fails to provide any evidence to support that Mulholland Property is not a single family residence.

## III. CONCLUSION

Based on the forgoing, Debtor respectfully requests that the Motion be denied.

LAW OFFICES OF MICHAEL JAY BERGER

Dated: 9/28/2021                By:    /s/ Michael Jay Berger
                                                        Michael Jay Berger
                                                        Counsel for Debtor,
                                                        New Holland, LLC

## **DECLARATION OF MICHAEL JAY BERGER**

I, Michael Jay Berger, declare as follows:

1. I am an Attorney at Law, licensed to practice before all of the courts in the State of California, and in the United States District Court for the Central District of California. I am the sole owner of the Law Offices of Michael Jay Berger ("Applicant").

2. Debtor's schedule A/B list seven vacant lots and a single-family residence located at 13511 Mulholland Drive, Beverly Hills, CA 90210 ("Mulholland Drive Property"). Each vacant lot is identified by different APN number. Some of the vacant lots are located in the city of Sherman Oaks while others are located in the city of Beverly Hills. Each parcel is intended for a separate project. The reason that the Debtor combined the Mulholland Drive Property and the vacant lots together on Schedule A/B is because Creditor has a lien against all the properties, and it made sense to list them on the same line versus creating eight different line items and linking each parcel to Creditor's secured obligations.

3. One of the elements required for the case to be considered a single asset real estate case is that the Debtor generate substantially all of the gross income of the Debtor from the property. Creditor's own Motion supports Creditor's inability to meet the income element of the SARE test because the Debtor is not generating any income from any of the properties. Specifically, on page 2 lines 11 – 13, Creditor states that "Debtor lists no income for the past three years. Nothing else in the Statement of Financial Affairs suggests that there is any business activity in the Debtor." Since the Debtor has no income, this element of the SARE test is not met.

4. Creditor's Motion quotes Section 362(d)(3) which provides that "relief from stay is appropriate unless the Debtor either commences interest payments at the pre-petition non-default interest rate or files a plan that has a reasonable possibility of confirmation. Those acts must be commenced upon the later of 90 days after the petition date, or 30 days after the court determines the case to be a SARE." See Creditor's Opposition, page 2, lines 19-23. The filing

DEBTOR'S OPPOSITION TO GRIMM INVESTMENTS, LLC' MOTION TO DETERMINE CASE IS SINGLE ASSET REAL ESTATE

of Creditor's Motion was unnecessary. The hearing on Creditor's Motion is set for October 12, 2021, which is the same day the Debtor's plan and disclosure statements are due. Debtor is presently working on its plan and disclosure statement with my office and anticipates to have these documents filed on or before October 12, 2021, which is well within the 90-day period from the petition date.

5.   The Mulholland Property is a single family residence consisting of 5 bedrooms and 4 bathrooms.  The term "single asset real estate" specifically <u>excludes</u> a residential real property with fewer than 4 residential units, which is exactly what the Mulholland Property is. Furthermore, the "single asset real estate" means real property consisting of a single property or project.  As noted above, the Debtor owns 7 separate parcels of land with different APN numbers in different city locations. As such, they cannot be part of a "single project" which is another essential element required for a case to be considered a single asset real estate. Creditor's Motion fails to satisfy the single project element and fails to provide any evidence to support that Mulholland Property is not a single family residence.

Executed on this September 28, 2021, at Beverly Hills, California.

      <u>/s/ Michael Jay Berger</u>
          Michael Jay Berger

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

9454 Wilshire Blvd., 6th Fl., Beverly Hills, CA 90212

A true and correct copy of the foregoing document entitled (*specify*): Debtor's Opposition to Grimm Investments, LLC's Motion to Determine Case Is Single Asset Real Estate will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 9/28/2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Debtor's Counsel: Michael Jay Berger michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
U.S. Trustee: Ron Maroko ron.maroko@usdoj.gov
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
Counsel for Grimm Investment: William C Beall    will@beallandburkhardt.com, carissa@beallandburkhardt.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 9/28/2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 9/28/2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
**Honorable Barry Russell**
**United States Bankruptcy Court**
**Central District of California**
**Edward R. Roybal Federal Building and Courthouse**
**255 E. Temple Street, Suite 1660 / Courtroom 1668**
**Los Angeles, CA 90012**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/28/2021 | Peter Garza | /s/Peter Garza |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                          **F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**

**SECURED CREDITORS:**

Los Angeles County Tax Collector
PO Box 54110
Los Angeles, CA 90054 (Address from POC)

Grimm Investments, LLC
1377 East Valley Road
Santa Barbara, CA 93108

Grimm Investments, LLC
c/o Courtney Taylor, Esq.
6465 Nursery Way
San Luis Obispo, CA 93405

**20 LARGEST UNSECURED CREDITORS:**

LADWP
PO Box 30808
Los Angeles, CA 90030-0808

So Cal Gas
PO Box C
Monterey Park, CA 91756-5111

Spectrum
PO Box 60074
City of Industry, CA 91716-0074

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**