**BEALL & BURKHARDT, APC**
WILLIAM C. BEALL, STATE BAR NO. 97100
ERIC W. BURKHARDT, STATE BAR NO. 132812
1114 STATE STREET
LA ARCADA BUILDING, SUITE 200
SANTA BARBARA, CALIFORNIA, 93101
(805) 966-6774, FAX (805) 963-5988

Attorneys for Grimm Investments, LLC



FILED & ENTERED

JAN 03 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

|  |  |
|---|---|
| In re<br><br>New Holland, LLC,<br><br>                      Debtor. | Bankruptcy No. 2:21-bk-16454-BR<br>Chapter 11<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>Date:  December 21, 2021<br>Time:  10:00 a.m.<br>Place:  255 E. Temple Street,<br>          Courtroom 1668 (1645)<br>          Los Angeles, CA 90012 |

      The Court held final hearing on the Motion of Grimm Investments, LLC for Relief from the Automatic Stay on December, 2021 at 10:00 a.m. in the United States Bankruptcy Court, 255 E. Temple Street, Courtroom 1668 (hearing actually held in Courtroom 1645), Los Angeles, CA 90012. William C. beall of Beall & Burkhardt, APC appeared on behalf of Grimm Investments, LLC, and Michael Jay Berger appeared on behalf of Debtor New Holland, LLC.

      Having considered the files and records of this case, as well as the arguments of counsel, the documents admitted during the hearing, and the testimony of witnesses Larry Scott, Patrick Kealy and Anthony Fitzgerald and for the reasons set forth both on the record, the Court makes the following

Findings of Fact and Conclusions of Law.  Any Finding of Fact better characterized as a Conclusion of Law shall be so characterized and vice versa.  The Findings and Conclusions support a separately filed **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY).**

## FINDINGS OF FACT

1. The Debtor filed a voluntary petition under Chapter 11 on August 13, 2021.

2. This Motion was brought by Grimm Investments, LLC ("Movant").

3. The Real Property subject of the Motion is a single Family Residence located at 13511 W. Mulholland Drive, Beverly Hills, California and seven unimproved lots all legally described in Exhibit A to the accompanying Order (collectively "the Property").

4. The Debtor is a one-half owner of the Property.  The co-owner is an insider entity, 8th Street MB, LLC.

5. 8th Street MB, LLC was properly served with the Motion, which requested prospective relief against it, and 8th Street MB, LLC filed no opposition.

6. Movant is the beneficiary of a validly perfected second priority Deed of Trust secured by the Property.

7. As of the petition date, Movant was owed $6,964,524.60 on account of it's second position note.

8. The Debtor made no payments on the note post-petition and interest and other charges have accrued.

9. Movant's position is junior to a first priority Deed of Trust secured by the Property.

10. As of the petition date, the senior lien holder was owed $2,249749.30 on account of its first position note.

11. The Debtor made no payments on the first position note post-petition and interest and other charges have accrued.

12. Movant's position is junior to property taxes secured by the Property.

13. As of the petition date, the County of Los Angeles was owed at least $1,023,189.00 on account of property taxes.

14. The Debtor paid no property taxes post-petition and interest and new taxes have accrued.

15. The value of the Property as of December 21, 2021 was $10,275,500.

16. The only Plan filed by the Debtor on or before December 21, 2021 is Docket 35.

17. By Order entered October 28, 2021 (Docket 35), the Court found the Debtor to be Single Asset Real Estate.

## **CONCLUSIONS OF LAW**

1. Movant is not adequately protected.

2. The Debtor has no equity in the Property.

3. The Property is not necessary to an effective reorganization that is reasonably in prospect.

4. December 21, 2021 is more than 90 days after the filing of the voluntary petition.

5. December 21, 2021 is more than 30 days after entry of the Order determining the Debtor to be Single Asset Real Estate.

6. The Debtor had not commenced payments to Movant of any kind on or before December 21, 2021.

7. The Debtor had not filed a plan that has a reasonable probability of confirmation within a reasonable period of time on or before December 21, 2021.

8. Cause exists to modify the stay pursuant to 11 USC 362(d)(1).

9. Cause exists to modify the stay pursuant to 11 USC 362(d)(2).

10. Cause exists to modify the stay pursuant to 11 USC 362(d)(3).

Date: January 3, 2022

_____
Barry Russell
United States Bankruptcy Judge