**Michael R. Totaro          102229**
**Maureen J. Shanahan    102222**
**Totaro & Shanahan**
**P.O. Box 789**
**Pacific Palisades, CA 90272**
**(888) 425-2889 (v)**
**(310) 496-1260 (f)**
**ocbkatty@aol.com**

**Attorneys for Debtor/Debtor in Possession**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| NEW HOLLAND, LLC,<br><br>    Debtor/Debtor in Possession. | Case No. 2:21-bk-16454-BR<br><br>Chapter 11<br><br>Debtor's Opposition to Motion to Dismiss Or Convert Case filed by the Office of the United States Trustee and Request to Continue Motion; Memorandum of Points and Authorities and Declarations in Opposition<br><br>Date:   February 15, 2022<br>Time:  10:00 a.m.<br>Ctrm:  1668<br>           255 E. Temple St.<br>           Los Angeles, CA 90012 |

**TO THE HONORABLE COURT, THE UNITED STATES TRUSTEE, ALL CREDITORS AND ANY INTERESTED PARTIES**:

    Debtor and Debtor in Possession New Holland, LLC, ("Debtor") in the above captioned bankruptcy case respectfully submits the following in Opposition to the Moit6on to Dismiss of Convert Case filed by the Office of the United States Trustee ("OUST") on January 12, 2022, as Docket No. 79 (the "Motion.")

1   Based on the assertions herein Debtor requests the Court continue the OUST Motion to Allow Debtor additional time to further explore potential relief as a hypothetical lienholder to continue to evaluate whether to avoid the deed in lieu of foreclosure pursuant to Debtor in Possession's avoidance powers under 11 U.S.C. § 544 as there was no pre-petition perfection of creditor's recent recorded interest. Since any potential relief requires an adversarial complaint, Debtor's counsel is consulting with litigation counsel to fully explore the forms of relief and viability of this claim as well as other potential claims they are researching which could benefit the estate.

In response to the Motion itself, the OUST has raised several basis set forth, specifically 1) the failure to file the Monthly Operating Reports for October 2021, November 2021 and December 2021; 2) failure to pay quarterly fees for fourth quarter 2021; and 3) failure to confirm a chapter 11 Plan, and 4) the fact the court granted relief from stay as to the secured creditor who had Debtor sign a deed in lieu of foreclosure such that the single asset of the estate has been transferred. These matters are discussed herein but most importantly, as to the last basis, Debtor respectfully requests a continuance to give Debtor time to fully investigate this adversarial avenue for relief which would ultimately benefit all creditors.

Dated: February 1, 2022                    Totaro & Shanahan

By /s/ Michael R. Totaro
Michael R. Totaro
Maureen J. Shanahan
Attorneys for Debtor/Debtor in Possession

|   |   |
|---|---|
| 1 | MEMORANDUM OF POINTS AND AUTHORITIES |

2     On December 21, 2021, the Court held an evidentiary hearing on the Motion for Relief from Stay ("MFRS") filed by secured creditor Grimm Investments, LLC ("Grimm"). The Court granted the MFRS the same day and an order was entered on January 3, 2022. Thereafter on January 6, 2022, Grimm recorded a deed in lieu of foreclosure (the "Deed") it convinced Debtor's principal to sign.

    After this Debtor retained new counsel to seek to vacate the order and reconsider the Motion. On January 18, 2022 Debtor filed a Motion to Vacate the Order ("Motion to Vacate") entered on January 3, 2022 and reconsider the motion based on Federal Rules of Civil Procedure Rule 60(b)(6) permitting relief for a judgment or order based on extraordinary circumstances beyond Debtor's control. Specifically, the focus of the Motion to Vacate is based on "gross neglect" which was beyond the control of Debtor. Debtor has presented substantial evidence as to the neglect in particular the failure to advise debtor's principal of claims he misrepresented facts in his declaration prepared by counsel in Opposition to the MFRS which was the basis for challenging the credibility of Debtor's principal. To add to this although the Court ordered the principal to appear and be cross-examined by Grimm's counsel, Debtor's counsel specifically told the principal he would not be testifying and as a result the principal was not prepared, unaware of the unprepared with relevant documents which would support his testimony.

    After the MFRS was granted the OUST filed its Motion to Dismiss or Convert to be heard the same day as Debtor's motion to vacate. Although the main basis for the OUST Motion is the fact the MFRS permitted Grimm to record the Deed which removed the main property of the estate, there are claims of noncompliance which the Declarations of Patrick Kealy and Pamela Abed El Sater both explain involve matters which were provided to counsel but not filed. These issues are being cured.

    As to OUST assertion there is no longer any property of the estate and dismissal is in the best interests of the estate, Debtor is requesting a continuance of the Motion to

Dismiss to permit Debtor a little extra time to research and evaluate its avoidance powers as a hypothetical lien creditor under 11 U.S.C. § 544 (a)(1). Under this section, the trustee, including a debtor in possession in a chapter 11, as the power to avoid "any transfer or obligation a creditor with an unsatisfied judicial lien on the debtor's property could avoid under relevant state bankruptcy laws" *Id*., see 11 U.S.C. §§1107(a). This is known as the "strong arm clause" which gives the trustee power to act as a hypothetical lien creditor.

Under Section 544, the trustee has the power to avoid liens that are unsatisfied or perfected as of the date of the commencement of the case. 5 Collier on Bankruptcy ¶ 544.02, at 544-5 (Alan N. Resnick, et al,. eds., 15th ed. Rev. 2006).  These powers must be utilized through an adversary proceeding because it will seek to recover property to determine the validity, priority or extent of a lien. Federal Rules of Bankruptcy Procedure Rule 7001.  The statute of limitation for a trustee to exercise its avoiding power is two years from the order for relief. 11 U.S.C. § 546. Thus, action would be timely in this case as the Order for relief was entered on August 13, 2011. Thereafter once a lien is avoided under the avoiding powers, the property is preserved for the benefit of the bankruptcy estate. 11 U.S.C. § 551.

As indicated in the attached declaration, Debtor's principal have been consulting with potential special litigation counsel to further evaluate this potential avoidance claim as well as other possible issues concerning the previously unperfected lien and other possible claims to benefit the estate.

On this basis Debtor is requesting the Court grant a continuance of the Motion to Dismiss as well as to permit the requested relief under the Motion to Vacate already filed.

Debtor is curing all of the claims of the OUST that can be corrected. In the event debtor is granted relief by either avenue, Debtor intends to seek Court approve of all necessary parties to represent Debtor and if given the opportunity for reconsideration, Debtor will also seek court approval of the sale agreed upon discussed at the hearing on

the MFRS with an overbid procedure which will provide a prompt resolution and assure all claims are paid.

For the foregoing reasons, Debtor urges the Court to continue the hearing on the OUST Motion so Debtor may at least further and fully evaluate other avenues of potential relief provided within the Bankruptcy Code.

Dated: February 2, 2022            Totaro & Shanahan

/s/ Michael R. Totaro
Michael R. Totaro
Attorneys for Debtor/Debtor in Possession

## DECLARATION OF MAUREEN J. SHANAHAN

I, Maureen J. Shanahan, declare:

1. I am an attorney at law duly licensed to practice before this Court and all Courts in the State of California and a partner in the law firm of Totaro & Shanahan, current bankruptcy counsel for Debtor and Debtor in Possession New Holland, LLC ("Debtor"). I have personal knowledge of the following facts and if called as a witness, I could and would testify competently thereto.

2. Debtor's principal Patrick Kealy and his assistant Pamela Abed El Sater have provided me with all the information necessary to amend the schedules as Mr. Maroka, attorney for the Office of the United States Trustee (the "OUST") requested of Mr. Kealy at the IDI and 341 meeting of creditors.

3. Ms. Abed provide me with the requests of Mr. Maroka and her prompt responses to those requests which included not only answers relevant documents provided to the OUST. See Sater Declaration, Exhibit 1. My review of the court docket did not disclose any such amendments were ever actually filed. As such our office prepared the amended schedules requested which were filed today to make the record clearer.

4. Ms. Sater advised that prior counsel's paralegal was to be preparing Debtor's Monthly Operating Reports ("MORs"). The Motion to Dismiss asserts MORs were not filed for October 2021, November 2021, December 2021 and January 2022.

5. As we are a small office we do not regularly prepare the MORS for our clients and advise if necessary they retain a knowledgeable bookkeeper to prepare these. Since Debtor's are rather simple I agreed to prepare the missing MORs. I have not prepared any such reports for Non-Individuals under the new report forms. I have the reports ready but need to figure out how to actually file them, which hopefully I will finish tomorrow.

6. As noted in the Opposition/Response herein, Mr. Kealy and I have

1  discussed a variety of issues and options and consulted with potential special litigation
2  counsel on behalf of Debtor and they are evaluating the case for a variety of potential
3  claims including seeking relief through the trustee's avoiding powers under Section 544
4  of the Bankruptcy Code.

5  7.    At this point Debtor is requesting a continuance of the Motion to Dismiss to
6  give a little more time to explore the potential avenues of relief which could benefit the
7  estate, issues.

8  I declare under penalty of perjury under the laws of the United States that the
9  foregoing is true and correct. Executed on February 1, 2022 at New Orleans, LA .

*[signature]*
Maureen J. Shanahan

DECLARATION OF PAMELA ABED EL SATER

I, Pamela Abed El Sater, declare:

1. I am over the age of 18 and since August of 2020 have been employed as an Administrative Assistant to Patrick Kealy for himself and all of his various entities ("Kealy Entities"). This includes New Holland, LLC, the Debtor and Debtor in Possession ("Debtor") in <u>this</u> Chapter 11 bankruptcy case. I have personal knowledge of the following facts and if called as a witness, I could and would testify competently thereto.

2. In my position I have been actively involved in assisting Mr. Kealy in this bankruptcy for Debtor and in particular with communications with the Law Office of Michael Jay Berger, the bankruptcy attorneys for Debtor and providing them with documents and information. Most of my communications were by email and phone have been with the senior associate Sofya Davtyan and a few with paralegal Yathida Niphu. I may refer in general to communications with counsel's office on occasion.

3. I did not generally speak with Mr. Berger, but I was on speaker phone a couple of times when Mr. Kealy spoke with Mr. Berger. I know they did not speak much.

4. As Mr. Kealy's assistant I am also the custodian of records for Debtor and regularly maintain the books and records for Debtor and retain all correspondence whether by text, email or paper communications.

3. I was with Mr. Kealy when he met with prior counsel Michael Berger on August __, 2021, the day prior to filing this chapter 11 bankruptcy case for Debtor and provided prior counsel with any and all records requested related to Debtor and its operations, obligations and assets prior to filing this case.

4. Prior to meeting with counsel I had no understanding of bankruptcy and relied on counsel's office to provide the information necessary for Debtor to be in a chapter 11

case. Counsel was advised of this fact and told I would respond promptly to any requests for information, etc. for Debtor.

5. I believe I responded to every request by counsel's office for information and/or documents in a timely manner.

6. On September 20, 2021, I was present with Mr. Kealy when he participated in a conference call with counsel Michael Berger, and I believe it was Mr. Ron Maroka of the Office of the United States Trustee.

7. Following that meeting I received a copy of an email from Ms. Davtyan, a senior associate to Mr. Berge and the person I had the most contact with at counsel's firm. The email forwarded an email from Mr. Berger with a request for information by Mr. Maroka, which Mr. Berger needed by the end of the day.

8. I responded to the above email answering the questions as well as providing requested documents, most of which I believe had already been provided to counsel's office. A true and correct copy of a printout of the September 20, 2021, email chain referenced herein is attached hereto as Exhibit 1 and incorporated herein by reference.

9. Although there was request for counsel to amend some schedules in the September 20, 2021, email chain, I have not seen any such amendment for Mr. Kealy to sign. I have worked with current counsel to prepare these amended schedules which should be filed prior to this Opposition.

10. I can assure the Court that I responded promptly to all communications from counsel's office and provided requested information as promptly as possible.

11. I understand there is a concern that Debtor has not filed a number of Monthly Operating Reports ("MORs") in this case. In response to this concern by the Office of the United States Trustee, I have again reviewed all email communications with counsel's office pertaining to such reports. Counsel's office was preparing the MORs for Debtor supposedly after Debtor's monthly bank statements were forwarded to counsel.

12. My review of email correspondence related to the MORS for Debtor which counsel was to prepare, shows the following:

    a. On September 22, 2021, at 5:44 pm I received an email from Yatida Napin ("Yatida") at counsel's office requesting Debtor's August bank statements. At 5:47pm that same day, I responded to Yatida with the August statements. On September 24, 2021, I received a copy of the August MOR for Mr. Kealy to sign which he prepared for Mr. Kealy's signature and the only MOR we have received from counsel.

    b. On October 26, 2021, Yatida sent me an email at 6:43 pm requesting September bank statements. I saw this the following morning and responded by return email with a copy of the September bank statements. I do not have a copy of any MOR for September 2021 prepared for Debtor.

    c. On November 30, 2021, at 11:44 am Yatida sent, and I received an email requesting Debtor's bank statements for October 2021. I responded to this email with a copy of the bank statements at 11:56 a.m. I have not seen an MOR for October 2021 and do not know if one was filed by counsel, however I have proof the required statements were sent but I did not receive a copy of a MOR for October 2021.

    d. On December 22, 2021, at 10:55 am Yatida sent me an email requesting the November bank statements for the MORs. I responded to that email on December 23, 2021, at 9:56 am, with a copy of Debtor's November 2021 bank statements as requested. I have not seen an MOR for November 2021 and do not know if one was filed by counsel. However, I have proof the required statements were timely sent to counsel's office but did not receive a copy of an MOR filed for November 2021.

13. I understand the UST questioned whether the quarterly payments were made by Debtor. On October 19, 2021, on behalf of Debtor I made an electronic payment to the Office of The United States Trustee in the amount of $250.000 for the quarter including August and September 2021.

14. On January 20, 2022, on behalf of Debtor I made an electronic payment to the Office of The United States Trustee in the amount of $250.000 for the fourth quarter in 2021 including October through December 2021.

15. In my position I have responded promptly to all inquiries by counsel or the United States Trustee in this matter.

16. I was present with Mr. Kealy in the initial meeting with counsel in August 2021 prior to filing this case and can assure the court Mr. Kealy and I were led to believe that because there was so much equity in Debtor's property, Debtor would not have to make any payments until we have a confirmed plan.

17. Since the hearing on December 21, 2021, I have reviewed all email communication with counsel's office and there were some inquiries from counsel's office about the status of refinancing and listing the property I do not have any documents or recall any conversation where I was told the situation had changed and now Debtor had to pay monthly or sell the property.

18. I did not have any communications telling Mr. Kealy or myself that Debtor had to list the property, or he could lose the property. If that had been the case, I would have made sure Mr. Kealy either listed the property or made a formal acceptance of the offer from Mr. Reza Safaie.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 1, 2022, at Hermosa Beach, CA,

_____Pamela_____
Pamela Abed El Sater

# DECLARATION OF PATRICK KEALY

I, Patrick Kealy, declare:

1. I am over the age of 18 and am the sole and managing member of New Holland, LLC, the Debtor and Debtor in Possession ("Debtor") in <u>this</u> Chapter 11 bankruptcy case. I have personal knowledge of the following facts and if called as a witness, I could and would testify competently thereto.

2. I understand the Office of the United States Trustee (the "OUST") has filed a Motion to Dismiss this chapter 11 bankruptcy case. This is based in part on claims Debtor has not complied with the requirements of OUST for reporting and payment of fees. My assistant Pamela Abed El Sater ("Ms. Sater") handled these matters with counsel who was to prepare the reports for Debtor.

3. I was present on a hearing on December 21, 2021 before the Court which ultimately led to the Court giving the Secured Creditor relief from stay. I did not understand what this actually meant until after the hearing.

4. After the hearing, I consulted with other counsel to challenge the results of that hearing. I have read transcripts of the hearing where I was completely surprised that I was asked to testify as Ms. Sater had been told on December 20, 2021, the day prior to the hearing that I would not be testifying. Based in this I had no preparation by counsel and did not even bring documents which could have proved my position on several matters including the existence of an offer to purchase Debtor's property for $18 Million which is almost double what Debtor owed to creditor Grimm Investments, LLC ("Grimm").

5. I agree with statements by Ms. Sater that we were never advised by counsel that the only chance of succeeding in this bankruptcy case was to either list the Debtor's property quickly and/or accept the outstanding offer we had received through counsel's office from Mr. Reza Safaie.

6. Initially Ms. Sater and I were advised by counsel that Debtor would not

have to make any payments while the case went forward because of the large amount of equity.

7. Although I had some questions from counsel at times about the status of the refinance and/or listing Debtor's property for sale, there was never any explanation that this was critical or what happened to change the situation. I can assure the Court and the OUST that if I had really understood and known that Debtor could lose its' property if we lost the Motion for Relief from Stay, I would have done whatever was necessary as I know that regardless of the results of that hearing that Debtor's property has a lot of equity.

8. After review of the files and documents including the transcripts of the hearing which we obtained, new counsel filed a Motion to Vacate and Reconsider the Order Granting the Motion for Relief From Stay entered on January 3, 2022 ("Motion to Vacate").

9. The Motion to Vacate is being heard the same day as this Motion. While I now understand there were issues with the Chapter 11 Plan which prior counsel prepared, I was never told by counsel the Plan would not work until after Debtor lost at the December 21st hearing.

10. If the Court grants the Motion to Vacate or denies it and Debtor chooses to appeal, and Debtor has the chance to complete a Plan I would seek to have the Court approve the sale of the Property to Mr. Reza Safaie which I accepted on behalf of Debtor on December 24, 2021, with a bankruptcy counteroffer signed by both parties on December 31, 2021. I understand there could be an auction in the Court which would assure Debtor would receive the highest and best price.

11. This could be completed rather quickly if Debtor is given a chance and now that I understand this should have been done earlier, a sale would pay off the administrative fees, the unsecured creditors and any additional quarterly fees that may come due.

9. I am asking for the OUST to continue the Motion to Dismiss so Debtor can pursue relief through the matters filed.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 1, 2022, at Hermosa beach, CA.

_____
Patrick Kealy

# Exhibit 1

EXHIBIT 1
15

# Re: FW: New Holland Follow up needed after the meeting of creditors

**Pamela Abed El Sater**

Mon 9/20/2021 4:00 PM

To: Sofya Davtyan <Sofya.Davtyan@bankruptcypower.com>; Patrick Kealy <patrick@kealyconstruction.com>;

Cc: Yathida Nipha <Yathida.Nipha@bankruptcypower.com>;

📎 3 attachments

Mulholland Deed .pdf; Property tax bills.pdf; New Holland LLC (MOR).xlsx;

**Sofya, please see responses below:**

1. **Prepare and send an email to Ron Maroko explaining issues with the tenant and issues with the management company, how much is owed by each to New Holland. Amend debtor's bankruptcy schedules to list these receivables.** 13511 Mulholland used to be rented as an airbnb by a management company, when Patrick got several calls from the neighbors complaining about the parties conducted on the property he called off the agreement with the management company. The current tenant was one of the people who rented the house from the management, when he met Patrick on site he offered to rent the space.

2. **Check the deed for the Mulholland Drive property and then amend schedule A/B if it is true that the Mulholland Drive property is owned only by New Holland and not jointly owned by 8th Street MB LLC as stated in Schedule A/B. (Please see attached)**

3. **Submit a copy of the last property tax bills for each parcel to Ron Maroko. (tax bills were previously sent on August 13 2021, see attached)**

4. **Straighten out the confusion about when the debtor acquired the property and what the purchase price was.**
   **Debtor testified 2016 and 2018 -- inconsistent. Which is it?**
   **Debtor testified purchase price of 6 million and 7.2 million. Inconsistent. Which is it?**
   **Amend the real property questionnaire as needed.** Patrick purchased the property for $6M, when Grimm investments took out the loan in 2018 they crossed the New Holland loan for $5M with the Rosamond 5 properties for $2.2M

5. **Amend the bk schedules to list receivable from the tenant and furniture and appliances that the debtor owns.** The house on 13511 Mulholland was rented as a furnished residence. The furniture include beds, sofas, sheets,... and appliances like dishwasher, microwave ...

6. **Do we have a draft MOR from the debtor for August? It's due tomorrow. Who at our office will review the draft MOR to be sure that it is correct? Please see attached.**

7. **Reminder: October 12, 2021 is our deadline to file a Disclosure Statement and Plan. Please work with Patrick on this.**

EXHIBIT 1
16

Pamela Abed El Sater
**Kealy Construction**
Cell: 424-634-0418
Office: 424-398-0116
Fax: 310-695-1016
www.kealyconstruction.com

---

**From:** Sofya Davtyan <Sofya.Davtyan@bankruptcypower.com>
**Sent:** Monday, September 20, 2021 12:34 PM
**To:** Pamela Abed El Sater; Patrick Kealy
**Cc:** Yathida Nipha
**Subject:** [JUNK]FW: New Holland Follow up needed after the meeting of creditors

Hi Pamela:

Please see the below email that Michael sent after this morning's meeting and provide the responses to our office by the end of the day.


**Sofya Davtyan**
**Senior Attorney**
**Certified Specialist in Bankruptcy Law**
Law Offices of Michael Jay Berger
9454 Wilshire Boulevard, 6th Floor
Beverly Hills, CA  90212-2929
Tel. (310) 271-6223
Fax (310) 271-9805
Website www.bankruptcypower.com



*CONFIDENTIALITY NOTICE: The following message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender of this communication or by telephone at (310) 271-6223.*

---

**From:** Michael Berger <Michael.Berger@bankruptcypower.com>
**Sent:** Monday, September 20, 2021 9:51 AM
**To:** Sofya Davtyan <Sofya.Davtyan@bankruptcypower.com>
**Cc:** Patrick Kealy (patrick@kealyconstruction.com) <patrick@kealyconstruction.com>
**Subject:** New Holland Follow up needed after the meeting of creditors

EXHIBIT 1<br>17

**Dear Sofya:**

**Please follow up with Patrick Kealy re the following issues that came up at today's meeting of creditors:**

1. **Prepare and send an email to Ron Maroko explaining issues with the tenant and issues with the management company, how much is owed by each to New Holland. Amend debtor's bankruptcy schedules to list these receivables.**

2. **Check the deed for the Mulholland Drive property and then amend schedule A/B if it is true that the Mulholland Drive property is owned only by New Holland and not jointly owned by 8th Street MB LLC as stated in Schedule A/B.**

3. **Submit a copy of the last property tax bills for each parcel to Ron Maroko.**

4. **Straighten out the confusion about when the debtor acquired the property and what the purchase price was.**
   **Debtor testified 2016 and 2018 -- inconsistent. Which is it?**
   **Debtor testified purchase price of 6 million and 7.2 million. Inconsistent. Which is it?**
   **Amend the real property questionnaire as needed.**

5. **Amend the bk schedules to list receivable from the tenant and furniture and appliances that the debtor owns.**

6. **Do we have a draft MOR from the debtor for August? It's due tomorrow. Who at our office will review the draft MOR to be sure that it is correct?**

7. **Reminder: October 12, 2021 is our deadline to file a Disclosure Statement and Plan. Please work with Patrick on this.**


**Sincerely,**

**Michael Berger**

**Michael Jay Berger**
**Certified Bankruptcy Law Specialist**
**The State Bar of California Board of Legal Specialization**
**Law Offices of Michael Jay Berger**
**9454 Wilshire Blvd. 6th Floor**
**Beverly Hills, CA 90212-2929**
**Telephone (310) 271-6223**
**Fax (310) 271-9805**
**Website www.bankruptcypower.com**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
P.O. Box 789, Pacific Palisades, CA 90272

A true and correct copy of the foregoing document entitled (*specify*): Moiton to Vacate will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 1, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

X Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) February 1, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

X Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

X Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 1, 2022 | Michael R. Totaro | /s/ Michael R. Totaro |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012     F 9013-3.1.PROOF.SERVICE

By Nef

- William C Beall    will@beallandburkhardt.com, carissa@beallandburkhardt.com
- Michael Jay Berger    michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- Ron Maroko    ron.maroko@usdoj.gov
- Michael R Totaro    Ocbkatty@aol.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

By Mail

**8th Street MB LLC**
936 Monterey Blvd.
Hermosa Beach, CA 90254

**Courtney Taylor, Esq.**
6465 Nursery Way
San Luis Obispo, CA 93405

**Franchise Tax Board**
Bankruptcy Section, MS: A-340
P O Box 2952
Sacramento, CA 95812-2952

**IRS**
P.O. Box 7346
Philadelphia, PA 19101

**LADWP**
PO Box 30808
Los Angeles, CA 90030-0808

**LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR**
ATTN: BANKRUPTCY UNIT
PO BOX 54110
LOS ANGELES CA 90054-0110

**So Cal Gas**
PO Box C
Monterey Park, CA 91756-5111

**Spectrum**
PO Box 60074
City of Industry, CA 91716-0074